In the Matter of the Application of the PUBLIC SERVICE
COMMISSION FOR THE FIRST DISTRICT, Appellant, for an
Order Directing WILLIAM H. MENDEL, Respondent, to
Show Cause Why He Should Not Be Punished for
Refusing to Be Examined, Answer Questions and Pro-
duce Books and Papers in a Matter Pending before the
Public Service Commission.

**Public service commission — has no right of supervision over
lessor of space in railroad station who maintains a parcel room
therein.**

The proprietor of a parcel room, occupying leased space in a rail-
road station, is not subject to the supervision of the public service
commission and is under no duty to reveal its profits or submit to
a general inspection of its books.

*Matter of Public Service Commission,* 162 App. Div. 371, affirmed.

(Argued January 6, 1915; decided January 26, 1915.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
May 15, 1914, which reversed an order of Special
Term adjudging the respondent herein in contempt and
punishing him therefor.

The public service commission on September 9, 1913,
on its own motion adopted a resolution for a hearing to
be held for the purpose of determining whether the New
York Central and Hudson River Railroad Company
should be ordered to maintain in its Grand Central Station
a suitable room where parcels might be checked by those
using the trains of the New York Central and Hudson
River Railroad Company or the trains of the New York,
New Haven and Hartford Railroad Company, for a
charge to be less than ten cents per parcel. Upon the
hearing it appeared that the New York Central and
Hudson River Railroad Company did not maintain any
parcel checking room, but that its lessee, W. H. Mendel,

Incorporated, did conduct such parcel rooms. Mr. Mendel appeared in response to a subpœna and a subpœna *duces tecum*, but refused, on advice of counsel, to produce the journals, cash books and ledgers of the corporation, relating to the business carried on under the lease of the parcel-checking privilege, although directed to do so by the presiding commissioner, and also refused, on advice of counsel, to answer certain questions.

*Arthur Du Bois* and *George S. Coleman* for appellant. The refusal of the witness to produce the books of W. H. Mendel, Incorporated, of which he was president, and to answer the questions asked was without reasonable cause or legal excuse. (*Wilson* v. *United States*, 221 U. S. 361; *Nelson* v. *U. S.*, 201 U. S. 92; *Interstate Commerce Commission* v. *Baird*, 194 U. S. 25; *Burnham* v. *Morissey*, 14 Gray [Mass.], 226; *Louisville & N. R. Co.* v. *Commonwealth*, 21 Ky. L. R. 239; *State* v. *U. S. Express Co.*, 81 Minn. 87; *United States* v. *Tilden*, 10 Benedict, 566; *Matter of Barnes*, 204 N. Y. 108.)

*George W. Alger* for respondent. The commission had no jurisdiction over this private company, not subject to its supervision, conducting a private business. The questions as to its private affairs, not the acts of the carrier, are unwarranted by law and are not pertinent or legal, and the witness lawfully refused to answer such questions and lawfully refused to produce the books of his company in response to a void and unauthorized subpœna *duces tecum*. (*I. C. Comm.* v. *Brimson*, 154 U. S. 447; *Matter of Pacific Ry. Comm.*, 32 Fed. Rep. 241; *Matter of Foster*, 139 App. Div. 769; *Entick* v. *Carrington*, 19 How. St. Tr. 1030; *Harriman* v. *I. C. Comm.*, 211 U. S. 407; *Matter of Straus*, 30 App. Div. 610; *Wallace* v. *Baring*, 2 App. Div. 501.)

*Per Curiam.* We do not find it necessary for the disposition of this appeal to determine whether the pub-

lic service commission, by force of its right to regulate stations and terminal facilities (Public Service Commissions Law, Cons. Laws, ch. 48, section 50), has in any case the power to compel a railroad corporation to maintain a parcel room. We do not mean to intimate a belief that the power exists, but we think the determination whether it does or does not exist should be left to some case where the rights of the railroad company are directly involved. We are satisfied that, in any event, the witness Mendel could not properly be required to disclose to the commission the financial condition of his company. That company was not subject to the supervision of the commission. It was under no duty to reveal its profits through the testimony of its officer. (Public Service Commissions Law, section 19.) It was under no duty to submit to a general inspection of its books. (Public Service Commissions Law, section 45, subd. 3.) It kept a parcel room in the railroad station. It kept in the same station a candy store and booth. The commission had no greater control over the one business than over the other. Its power to investigate the profits yielded by the parcel room was no greater than it would have been if the same business had been conducted in an adjoining building. The accident of location did not impose upon the owner the duty to make public disclosure of the profits of a private venture.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Order affirmed.